UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

DOROTHY DAWNE
LONGSWORTH,

               Petitioner,

               v.

WARDEN, Adelanto ICE
Processing Center, et al.,

               Respondents.

No. 5:26-cv-02926-JDE

ORDER REGARDING PETITION

**I.**

**PROCEEDINGS**

On May 28, 2026, Dorothy Dawne Longsworth ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus alleging unlawful arrest and detention by immigration authorities. Dkt. 1 ("Petition"). She initially entered the United States on or about June 4, 2003 on a B1/B2 tourist visa. In 2015, she filed a Violence Against Women Act ("VAWA") petition, but "[d]ue to miscommunication" by her then-attorney, she did not respond to a request for evidence and her VAWA petition was denied in about 2016. Id. at 2-3. She continued to live in the United States until her arrest without prior notice on or about May 5, 2026, while on her way to work as a caregiver. She avers she has

not had a custody redetermination hearing since her detention, though she does not state whether she has requested a hearing. Id. at 3-4. She seeks: a declaration that her detention violates the Due Process Clause; immediate release or alternatively, release within seven days unless Respondents schedule a hearing before a neutral arbiter where Respondents bear the burden to show she is a danger or flight risk, or alternatively, "and only if the Court denies her" other requests for relief, release within seven days unless Respondents schedule a custody redetermination hearing under 8 U.S.C. § 1226(a). Id. at 9.

On June 5, 2026, Respondents filed an Answer opposing immediate release, acknowledging Petitioner appears to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"), and arguing that "[t]o the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Dkt. 7. On June 8, 2026, Petitioner filed a Reply. Dkt. 8 ("Reply").

The undersigned issued a Report and Recommendation regarding the Petition on June 9, 2026 (Dkt. 9, "Report") based on the then-governing referral (Dkt. 4). On June 15, 2026, after Petitioner filed a consent to proceed before the undersigned (Dkt. 10) and considering Respondents' standing consent (Dkt. 5 at 9 (CM/ECF pagination)), the action was reassigned to the undersigned for all purposes. Dkt. 12. As such, the Report as vacated.

For the reasons discussed below, the Petition is granted, in part.

## II.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th

Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

As noted, Respondents acknowledge Petitioner appears to be a member of the Bond Eligible Class in Bautista and subject to the Bautista judgment. In Bautista, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted class-wide declaratory relief to "Bond Eligible Class" members, finding such members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under Section 1225(b)(2). Further, Judge Sykes held that Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, Dkt. 94. An appeal is pending, and the Ninth Circuit has granted a stay, but the December 2025 judgment remains in place in this district. See Bautista, et al. v. United States Department of Homeland Security, et al., Case No. 26-1044 (9th Cir.), Dkt. 17.1.

Petitioner acknowledges Bautista, but seeks immediate release "because she developed a protected liberty interest when Respondents decided not to detain her for several years after the filing and denial of her application for immigration relief under the Violence Against Women Act." Reply at 2. However, the cases cited by Petitioner are distinguishable. See Pet. at 6-7 (citing Kalkan v. Chestnut, 2026 WL 788112 (E.D. Cal. March 20, 2026) & Kharitonova v. Albarran, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026)). In Kalkan and Kharitonova, the petitioners entered the United States on nonimmigrant visas and subsequently applied for asylum such that immigration officials were aware of their presence, initially approved of that presence, and when the status expired, immigration authorities did not promptly detain them. In such instance, the courts found that the petitioners

had the same liberty interest in their continued freedom as an individual initially detained because the government made the decision not to detain them in the first place. Kalkan, 2026 WL 788112, at *1; Kharitonova, 2026 WL 531441, at *2. Appeals have been filed in both cases.

Here, by contrast, Petitioner has no current lawful path to admission and had no pending immigration proceedings at the time of her arrest. Her VAWA petition was denied around 2016, she was not subject to any scheduled check-ins or conditions, and she apparently had no communication with immigration authorities for approximately ten years. On this record, the undersigned cannot conclude that Respondents made an intentional decision not to detain her on the mere fact that her current location was listed on tax filings.

Petitioner also argues that she developed a strong liberty interest in the United States independent of whether she was ever arrested by Respondents and when Respondents detained her, they violated her due process rights, warranting immediate release. Pet. at 7-8; Reply at 2-3. The cases cited by Petitioner are largely inapposite. In Morales v. Warden, 2026 WL 1105036, at *1 (C.D. Cal. Apr. 17, 2026), the petitioner was re-detained by immigration authorities after being paroled while she pursued her asylum claims. In Wang v. Semaia, 2026 WL 258440, at *1-2 (C.D. Cal. Jan. 29, 2026), the petitioner was re-detained after being released on an order of supervision. Finally, in Fernández López v. Wofford, 2025 WL 2959319, at *1-2 (E.D. Cal. Oct. 17, 2025), the petitioner was re-detained after being conditionally released. Here, as noted, Petitioner has not previously been detained, and thus, she did not possess a protected liberty interest in conditional release.

In her Reply, Petitioner cites an out-of-district case from the Western District of Texas, Mendoza v. Noem, 2026 WL 809441 (W.D. Tex. Feb. 26, 2026), in which the court ordered immediate release where the petitioner entered the United States without inspection and had established a life in the

United States when she was initially arrested and detained under 8 U.S.C. § 1225(b)(2). Reply at 2. The Court is not bound by an out-of-district case and the undersigned find this case also is distinguishable. Unlike the present case, the petitioner in Mendoza had no criminal record. See Mendoza, 2025 WL 809441, at *10. Here, although Petitioner claims she has no criminal history in the United States (Pet. at 3), she acknowledges that the request for evidence on her VAWA petition alleged that she was inadmissible under Section 101(f) of the Immigration and Nationality Act due to a May 2000 arrest in Belize on drug trafficking charges. Id. at 2-3, Exh. F. Petitioner claims the criminal charges in Belize were dismissed (id. at 3), but the letter from the Belize City Magistrate Court submitted in support of this assertion reflects only that Petitioner's name did not appear in the court system and notes that records prior to September 2002 are unavailable due to a fire. Id., Exh. G. The undersigned finds that Petitioner should be treated as other members of the Bautista class and be provided a bond hearing consistent with Bautista.

For the reasons stated in Bautista and with the consent of Respondents, the Petition is granted, in part. Petitioner is entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, per Bautista, including a bond hearing. In all other respects, the Petition is denied without for the reasons stated above and as moot as Petitioner's alternative relief has been granted.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered:

(1)    Granting the Petition, in part, with Respondents ORDERED to provide Petitioner Dorothy Dawne Longsworth (A# 093 372 015) an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven (7) days of this Order, **with instructions that the immigration judge has jurisdiction under 8**

**U.S.C. § 1226(a) to consider bond and must provide a reasoned decision if bond is denied**; if no such hearing is provided within seven (7) days, Respondents shall immediately release Petitioner from custody, subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to reasonably assure Petitioner's appearance as required at future immigration proceedings and to protect the community.

(2) Denying the Petition in all other respects without prejudice.

Dated: June 16, 2026_____

_____
JOHN D. EARLY
United States Magistrate Judge

6